The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Allen **MILLER**, Defendant–Appellant.

No. 02CA0850.

Colorado Court of Appeals, Div. II.

Aug. 24, 2006.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Benezra & Culver, L.L.C., Seth J. Benezra, Lakewood, Colorado; Suzan Trinh Almony, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Allen Miller, appeals the judgment of conviction entered on jury verdicts finding him guilty of two counts of manufacturing a schedule II controlled substance, two counts of possession with intent to distribute a schedule II controlled substance, two counts of possession of a schedule II controlled substance, and five special offender counts, and the trial court's adjudication of six habitual criminal counts. We affirm in part, reverse in part, and remand for further proceedings.

While investigating defendant for illegal drug activity, a police officer discovered two active arrest warrants for defendant arising out of a misdemeanor case and a traffic case. The officer, in the company of fellow officers, entered defendant's home to arrest him on the two warrants. While there, the officer saw evidence of a methamphetamine laboratory in plain view. The officers secured the premises, and one officer left to obtain a search warrant. Defendant was taken into custody, but was later released on bond.

A month after the arrest, the investigating officer received information that defendant had set up a new methamphetamine laboratory in his home. The officer returned to defendant's home and asked defendant for consent to search. Defendant refused, but defendant's wife, who was a co-occupant of the home, consented to the search. While the officer was obtaining the consent from defendant's wife, he noticed drug paraphernalia in plain view on the coffee table. As a result, the officer secured the house, obtained a search warrant, searched the house, and arrested defendant again.

Charges arising out of both incidents were combined for trial, and defendant was found guilty of the above offenses.

A division of this court affirmed defendant's convictions in *People v. Miller*, 94 P.3d 1197 (Colo.App.2004).

On July 26, 2004, the Colorado Supreme Court granted certiorari (case number 04SC226) on the following issues:

> Whether the district court erroneously ruled that a third party can validly consent to a search after the petitioner has expressly refused to consent to such a search; and

> Whether the district court erroneously failed to determine that a reasonable narcotics officer in the particular circumstances of this case would not have arrested the petitioner for outstanding traffic warrants absent an illegitimate motive.

However, on February 1, 2005, the Colorado Supreme Court concluded certiorari was improvidently granted and denied defendant's petition for rehearing.

On May 23, 2005, defendant filed a petition for writ of certiorari to the United States Supreme Court.

On March 22, 2006, the United States Supreme Court announced *Georgia v. Randolph*, 547 U.S. ——, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). Five days later, the Court granted defendant's petition for writ of certiorari, vacated the court of appeals' judgment in *People v. Miller, supra*, and remanded the case directly to this court "for further consideration in light of *Georgia v. Randolph*, [*supra*]." *Miller v. Colorado*, —— U.S. ——, 126 S.Ct. 1616, 164 L.Ed.2d 331 (2006).

In *Georgia v. Randolph, supra*, the Supreme Court overruled a number of lower court decisions holding that a co-inhabitant has authority to consent to a warrantless search over the express refusal of another co-inhabitant. The Court concluded in *Randolph* that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Georgia v. Randolph, supra*, 547 U.S. at ——, 126 S.Ct. at 1526.

The Supreme Court's decision in *Randolph* requires that we reverse the judgment of conviction arising from the charges in Denver District Court case number 99CR2783 and remand for a new trial in that case. However, the parties agree, as do we, that the conviction arising from Denver District Court case number 99CR2558 is not affected by the Supreme Court's order.

Because the United States Supreme Court set aside the entire judgment of conviction, we also need to address the other issues raised by defendant in his appeal. We conclude those issues were correctly resolved by the original division in *People v. Miller, supra,* and therefore, we adopt the division's opinion as to those issues.

The judgment is affirmed as to Denver District Court case number 99CR2558. The judgment is reversed as to Denver District Court case number 99CR2783, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge ROY and Judge METZGER * concur.